IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DERRICK U. PETTIFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22CV900 |
| | ) | |
| JAMES G. GORDON, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a pretrial detainee in Winston-Salem, North Carolina, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names four Winston-Salem police officers, James G. Gordan, Mason J. Hester, Austin B. Pendry, and Nathan Byerly, as Defendants based on an allegedly illegal search of his residence. He seeks compensatory damages of $20,000 from Defendants and $70,000 in punitive damages from the Winston-Salem Police Department. (Docket Entry 3 at 7.)

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be allowed to proceed as to Defendants Hester, Pendry, and Byerly in their individual capacities only, but dismissed otherwise pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

As for the individual capacity claims against Defendants Hester, Pendry, and Byerly, the Complaint alleges that they entered Plaintiff's home, searched it in violation of the Fourth Amendment of the United States Constitution, and illegally seized firearms during the search. Having examined the Complaint, the Court concludes that it states sufficient facts to proceed on those claims at this point.

Defendant Gordan is a different matter. The Complaint does not allege that he entered Plaintiff's dwelling, only that he later completed a report labeled as a Reporting Officer Narrative, parts of which are attached to the Complaint as Exhibits C-F. The Complaint alleges that Defendant Gordan completed the Narrative knowing that the other Defendants had already violated Plaintiff's rights and that he somehow sought to "clean up" or "rectify" the allegedly illegal search and seizure after they occurred. (Docket Entry 3 at 5.) This is not apparent from the Narrative and, in any event, a report completed after the fact cannot change what occurred at Plaintiff's home. Therefore, Defendant Gordon's preparation of the Narrative did not somehow violate Plaintiff's rights or harm him in any way. The Complaint fails to state any claim that Defendant Gordon violated Plaintiff's federal constitutional rights and Defendant Gordon should be dismissed from the case.

The Complaint also raises official capacity claims as to all Defendants and seeks punitive damages from the Winston-Salem Police Department. The Court first notes that the Complaint does not actually name the Police Department as a defendant. There is no need to allow Plaintiff to amend the Complaint to add it, however, because any claim against the Department would fail in any event. This is because, under North Carolina law, a police

department is merely a component part of a municipality and not a separate entity that can sue or be sued. See Fields v. Tucker, No. 1:10CV844, 2011 WL 4345306, at *1 n. 1 (M.D.N.C. Sept. 15, 2011) (unpublished), recommendation adopted in relevant part, 2012 WL 174820, at *1–2 (M.D.N.C. Jan. 20, 2012) (unpublished). If the Court instead treated the Complaint as raising claims against the City of Winston-Salem those claims would also fail because,

> "[a] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978) (emphasis in original). "Only in cases where the municipality causes the deprivation 'through an official policy or custom' will liability attach." Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (quoting Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999)). "Because section 1983 was not designed to impose municipal liability under the doctrine of respondeat superior, the 'official policy' requirement was 'intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby to make clear that municipal liability is limited to action for which the municipality is actually responsible.'" Riddick v. School Bd. of Portsmouth, 238 F.3d 518, 523 (4th Cir. 2000) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986)). "To state a cause of action against a municipality, a section 1983 plaintiff must plead (1) the existence of an official policy or custom; (2) that the policy or custom is fairly attributable to the municipality; and (3) that the policy or custom proximately caused the deprivation of a constitutional right." Pettitford v. City of Greensboro, 556 F.Supp.2d 512, 530 (M.D.N.C. 2008).

Roseboro v. Winston-Salem/Forysth County School Board of Education, No. 1:14CV455 2014 WL 5304981, at *4 (M.D.N.C. Oct. 15, 2014) (footnote omitted), recommendation adopted, No. 1:14CV455 (M.D.N.C. Dec. 9, 2014). Here, Plaintiff does not plead the existence of any policy or practice fairly attributable to the Police Department or the City of Winston-Salem which proximately caused a deprivation of his constitutional rights. For this

-4-

reason, the Complaint fails to state any official capacity claim or claim for punitive damages. In fact, it fails to state any claim at all against the Winston-Salem Police Department or the City of Winston-Salem. Any such claims should be dismissed and only the individual capacity claims against Defendants Hester, Pendry, and Byerly should proceed.

As for Plaintiff's request to proceed *in forma pauperis*, § 1915(b)(1) requires that he make an initial payment of $15.00. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE RECOMMENDED that Plaintiff's individual capacity claims against Defendants Hester, Pendry, and Byerly be allowed to proceed but that the remainder of the claims be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

IT IS ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $15.00.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of December of 2022, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that all payments deducted in relation to this case shall be designated as made in payment of the filing fee for Civil Action No. 1:22CV900, and shall

be paid to the Clerk, U.S. District Court for the Middle District of North Carolina. In the event Plaintiff is transferred to another institution, the balance due shall be collected and paid to the Clerk by the custodian at Plaintiff's next institution. A copy of this Order shall be sent to Plaintiff's current custodian.

IT IS FURTHER ORDERED that this action be filed, but that further proceedings and service of summons as to the remaining Defendants be stayed until Plaintiff either (1) submits to the Court the initial payment noted above, or (2) in the alternative submits a motion for relief from the stay, and a statement made under penalty of perjury that he has not had access to any funds for the initial payment noted above for the 20-day period.

FAILURE TO COMPLY WITH THIS ORDER IN A TIMELY MANNER WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF.

This, the 8th day of November, 2022.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**